IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID RAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00438-O-BP |
| | § | |
| COMMISSIONER OF | § | |
| SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Plaintiff's Unopposed Motion for Attorney's Fees and Costs Under the Equal Access to Justice Act ("EAJA") and Brief in Support filed December 1, 2022. ECF Nos. 28 and 29, respectively. After reviewing the Motion, Brief, and applicable legal authorities, noting that Defendant does not oppose the Motion, and for good cause shown, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion.

The Court finds that Plaintiff, David Ray, was the prevailing party in this case. The Court further finds, pursuant to 28 U.S.C. § 2412(d)(2)(A), that the appropriate hourly rate at which to award fees in this case is $215.00 per hour for services performed in 2022. The Court further finds that Plaintiff is entitled to recover compensation for attorney services incurred of 31 hours in 2022, for an attorney fee award of $5,590.00.

Accordingly, the undersigned **RECOMMENDS** that Defendant be **ORDERED** to pay Plaintiff David Ray, and mail to his attorney, Jennifer Dunn, Coveney Law, LLC, 712 Plantation Street, Suite 3, Worcester, MA 01605, attorney fees under the Equal Access to Justice Act, in the total amount of $5,590.00 for 31 hours of service in 2022 at a rate of $215.00 per hour.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on January 11, 2023.

                                                        Hal R. Ray, Jr.
                                                        UNITED STATES MAGISTRATE JUDGE